KAYE, J.,
This matter is before the court on a petition for leave of court to make written demand for jury trial which was filed by defendants, Gerald D. Talhelm, Gregory M. Tal-helm, and Harold E. Talhelm.
FACTS AND PROCEDURAL BACKGROUND
On September 27, 1989, plaintiff, First National Bank of Greencastle, filed a civil complaint in action of mortgage foreclosure against defendants. Defendants filed their original answer on October 31, 1989, and an amended answer on January 30, 1990, in response to plaintiff’s preliminary objections. Defendants asserted new matter and counterclaims against plaintiff in both of the answers. Plaintiff filed a reply to the new matter on February 15, 1990 which completed the pleadings in this case. Defendants caused a rule to show cause why they should not be granted leave to make a written demand for a jury trial in their counterclaims to be issued on plaintiff. Plaintiff filed its answer to the rule on May *579 7, 1990, and the matter was set for oral argument to be held June 7, 1990. Argument was held on that date and the matter is in a posture for decision.
DISCUSSION
We are asked to decide whether defendants should be granted leave to make a written demand for a jury trial. Plaintiff in this case is not entitled to a jury trial on the mortgage foreclosure action according to Pa.R.C.P. 1150. However, defendants have filed a counterclaim in trespass and are constitutionally entitled to demand a jury trial for those counterclaims. U.S. Const., amend. VII; Pa. Const., art. I, §6.
The Pennsylvania Rules of Civil Procedure provide the time limit in which a demand for a jury trial must be made.
“(a) In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than 20 days after service of the last permissible pleading.” Pa.R.C.P. 1007.1
In the case at bar, the last pleading was filed on February 15, 1990, and defendants had 20 days from that date to make their demand for a jury trial. Defendants failed to make their demand within the time period allowed in the rules.
The Supreme Court in Jones v. Van Norman, 513 Pa. 572, 522 A.2d 503 (1987), clearly stated that Rule 1007.1 is to be enforced, and that prejudice to the other side is not to be considered where the provisions of Rule 1007.1(a) have not been satisfied. Therefore, we are compelled to find that defendants waived their right to a jury trial by not making their demand within the time period prescribed by the rule.
*580 Defendants’ petition for leave of court to make a written demand for a jury trial is denied.
ORDER OF COURT
Now, June 21, 1990, defendants’ petition for leave to file a demand for jury trial is denied.